# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re*: P.F., A.F., B.F., & J.F.

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 12-1052 (Marion County 11-JA-60, 61, 62 & 63)

## MEMORANDUM DECISION

Petitioner Mother's appeal, by counsel Scott A. Shough, arises from the Circuit Court of Marion County, wherein her parental rights to the children, P.F., A.F., B.F., & J.F., were terminated by order entered on August 15, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, has filed its response. The guardian ad litem, Natalie J. Sal, has filed a response on behalf of the children and a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

On December 20, 2011, the DHHR filed its initial abuse and neglect petition alleging that petitioner abused and neglected the children by virtue of her substance abuse and exposing the children to domestic violence, allegations to which she stipulated at adjudication. Petitioner was granted a post-adjudicatory improvement period, but the same was terminated on May 21, 2012, and her parental rights were thereafter terminated.

On appeal, petitioner alleges that the circuit court erred in denying her a dispositional improvement period and in terminating her parental rights instead of granting an alternative disposition. In support, petitioner argues that she has acknowledged her substance abuse and has attempted to obtain long-term, in-patient rehabilitation. Further, she argues that the circuit court should have committed the children to the custody of a suitable guardian instead of terminating her parental rights so that she could later move for custody of the children. According to petitioner, her incarceration created many difficulties in her compliance below.

Respondents DHHR and the guardian ad litem both support circuit court's decision and argue that terminating petitioner's parental rights was in the children's best interests. Respondents cite petitioner's lack of progress during the proceedings as evidence in support of termination. Specifically, they note that during the course of the case, petitioner failed to attend parenting education, adult life skills training, and substance abuse treatment of any kind. Further, petitioner failed to attend twenty random drug screens and even rejected the DHHR's offer to assist in

1

securing her entry into a rehabilitation program. Lastly, respondents note that petitioner was arrested for two separate offenses during the course of her improvement period.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's denial of petitioner's request for a dispositional improvement period or its termination of petitioner's parental rights. To begin, the record shows that petitioner failed to satisfy her burden of showing she was likely to fully comply with the terms of a dispositional improvement period as required by West Virginia Code § 49-6-12(c)(2). Further, the Court finds that the circuit court was presented with sufficient evidence upon which it could have found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. As such, the circuit court was not required to grant petitioner's request for disposition pursuant to West Virginia Code § 49-6-5(a)(5).

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: January 14, 2013

**CONCURRED IN BY**:
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II